UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**JACOBY MOORE**,

                              **13 CV 5596 (SAS)**

                Plaintiff,

                              **COMPLAINT**

     -against-

**THE CITY OF NEW YORK**, **POLICE OFFICER
DANIEL BURKE (Shield 1814, Narcotics Borough**      **JURY TRIAL DEMANDED**
**Manhattan North)**, **and LT. ANTHONY RONDA
(Narcotics Borough Manhattan North)**,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff **JACOBY MOORE**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

       1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD),

### JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

       3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

       4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

       5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

       6.     On June 19, 2014, within ninety days after the claims alleged in this complaint arose, a

verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

### *PARTIES*

10. Plaintiff Jacoby Moore, age 23, is a black male who is a citizen of the United States and a resident of the State of New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Daniel Burke, Shield 1814, was a police officer employed by the NYPD, assigned to Narcotics Borough Manhattan North.

13. At all times relevant herein, defendant Anthony Ronda was a police lieutenant employed by the NYPD, assigned to Narcotics Borough Manhattan North.

14. At all times relevant herein, defendants Burke and Ronda were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

16. On March 29, 2013, at approximately 10 - 11 A.M., plaintiff was in the vicinity of 141st Street and 7th Avenue in Manhattan.

17. On that date, at that time and place, plaintiff was in the company of two other individuals, Joshua Bells and Devon Clark.

18. On that date, at that time and place, plaintiff and the two other individuals were stopped, frisked and searched by three plainclothes police officers including defendant Burke.

19. Bells and Clark were found to be in possession of small quantities of marijuana.

20. No contraband of any kind was uncovered in the frisk and search of plaintiff.

21. Defendant Burke nonetheless arrested plaintiff as well as Bells and Clark.

22. Plaintiff was taken in handcuffs to the stationhouse of Police Service Area 6, 2770 Frederick Douglass Boulevard, where he remained until approximately 3:30 A.M. on March 30, 2013

23. During his imprisonment at the police stationhouse plaintiff was illegally strip-searched.

24. No contraband of any kind was uncovered in the strip search of plaintiff.

25. Even though no contraband of any kind had been found in plaintiff's possession, defendant Burke surmised without any evidence whatsoever that plaintiff must have sold marijuana to Bells and Clark.

26. Defendant Burke wrote an arrest report accusing plaintiff of sale of marijuana as a Class A misdemeanor (NYS Penal law § 221.40).

27. The arrest and charge were approved by defendant Burke's supervisor, defendant

Lieutenant Anthony Ronda.

28. At approximately 10:30 – 11:00 P.M. on March 29, 2013, plaintiff was transported in handcuffs to Manhattan Central Booking as a result of the false charges leveled against him.

29. The New York County District Attorney's Office determined that defendants had no basis for charging plaintiff with any offense.

30. The New York County District Attorney's office declined to prosecute plaintiff.

31. A NYPD document verifying the District Attorney's determination to decline prosecution as to plaintiff is annexed as Exhibit A.

32. At approximately 3:30 A.M. on March 30, 2013, plaintiff was released from Manhattan Central Booking without having to appear before a judge.

33. Plaintiff was in imprisoned for approximately 17½ hours due to this illegal arrest.

### FIRST CLAIM FOR RELIEF

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33.

35. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 and 35.

37. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

38.   The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

39.   The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-33, 35 and 37-38 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

40.   Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33, 35, and 37-439.

41.   The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, the unnecessary and excessive use of force, and employee negligence.

42.   The conduct toward plaintiff alleged herein subjected this man with no prior arrest record to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

43.   Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33, 35, 37-39, and 41-42.

44.   At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6,

11 and 12 of the Constitution of the State of New York.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against all individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        August 12, 2013

<u>/s/ Joel Berger</u>
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**